## MARY C. BRISLAIN

*v.*

## FREDERICK M. WILSON *et al.*

1. SHELLY'S CASE—*rule in.* The rule in Shelly's case is, "When the ancestor takes an estate of freehold by any gift or conveyance, and in the same gift or conveyance there is a limitation, either mediately or immediately, to his heirs or heirs of his body, the word 'heirs' is a word of limitation of the estate and not of purchase. The remainder is immediately executed in possession in the ancestor so taking the freehold."

2. So, where land was conveyed by deed to A "during the period of her natural life, and to her heirs forever thereafter," it was *held,* that, as the deed conveyed a life estate to A, which is a freehold estate, and the immediate remainder was therein limited to her heirs, all the requisites of the rule in Shelly's case were fulfilled, and A took the fee in the land.

WRIT OF ERROR to the Circuit Court of Schuyler county; the Hon. C. L. HIGBEE, Judge, presiding.

Mr. J. J. HERRON, and Mr. JOHN SCOTT, for the plaintiff in error.

Messrs. BAGBY & TUNNICLIFF, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Schuyler circuit court, and the only question made on the record, which is brought here by the defendant on a writ of error, is the construction to be put upon the granting clause of a deed executed on the 28th of July, 1849, by John Dennis and wife to Mary Cox.

The clause is as follows:

"*Know all men by these presents,* That we, John Dennis, and Rachel Dennis his wife, of the county of Schuyler and State of Illinois, for and in consideration of the natural love and affection which we bear unto our grand daughter, Mary Cox, formerly Mary Nelson, and also in consideration of the sum of one dollar to us in hand paid by our said grand daughter, at and before the ensealing and delivery of these presents, the receipt whereof we do hereby acknowledge, have given, granted, aliened, released and confirmed, and by these presents do give, alien, release and confirm unto the said Mary Cox, during the period of her natural life, and to her heirs forever thereafter, the following described real estate."

It is claimed by defendants in error that, by the terms of this deed, the grantee, Mary Cox, took the fee according to the rule in Shelly's case. 1 Coke's Rep. 93 b. The terms used fulfill all the requisites of the rule in that celebrated case, as we have said in the case of *Baker* v. *Scott,* 62 Ill. 86, wherein we went into a full discussion of that rule as a part of the common law, and applicable to this State as a rule of property.

The rule has been too long established and too often recognized by the courts of England and of this country, to be disregarded by this court.

It is for the legislature to abolish the rule, not for the courts, and we are bound by the common law.

The rule is, when the ancestor takes an estate of freehold by any gift or conveyance, and in the same gift or conveyance there is a limitation either mediate or immediate, to his heirs or heirs of his body, the word "heirs" is a word of limitation of the estate and not of purchase. The remainder is immediately executed in possession, in the ancestor so taking the freehold. 1 Coke's Rep. 104 ; 1 Preston on Estates, 264. The deed, in this case, conveyed a life estate to Mary Cox, which is a freehold estate, and in the same deed the immediate remainder is thereon limited to her heirs, thus fulfilling all the requisites of the rule.

The judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. Justice WALKER took no part in the decision of this case, having been counsel in the sale of the land in controversy.